### ISAAC SHELBY v. W. G. WELCH, TRUSTEE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—666.]

**Power to Hold Special Term of Court.**

The statute authorizes the holding of special terms of court for the trial of chancery, penal or criminal causes. This being so, where necessary, two special terms may be held.

**Waiver of Process and Notice.**

One who has appeared in a cause can not object because process was not served on him, for his appearance waives notice or process.

**Judgment by Consent.**

One can not object to a judgment which was rendered by his express consent.

APPEAL FROM LINCOLN CIRCUIT COURT.

March 30, 1886.

OPINION BY JUDGE PRYOR:

The statute expressly authorizes the holding of a special term for the trial of chancery, penal or criminal causes; and while there were two special terms held for the trial of this cause for the purpose of taking such steps as might be necessary for the final judgment, if one special term can be held we see no reason why another may not be directed or ordered, as we find no restriction of the power of the presiding judge by the statute with reference to calling special terms. See Gen. Stat. 1883, ch. 28, art. 4.

It is not necessary to discuss the question of notice so far as the appellant in this case is concerned, as the record shows his appearance at the special term held on June 25, 1882, and not only so, but his consent to a judgment for the sale of the property. The order

giving the appellant until the October term following to answer was set aside, and the consent order for judgment entered in June. There was nothing in the judgment authorizing a redemption of the property by the appellant, and the record on the exceptions to the report of the commissioner shows the inability of the debtor to redeem; and besides the debts for which the property was sold were created prior to the law authorizing a redemption of the property upon sales made by a decree in equity.

There was no evidence on his exceptions, and at the regular term held in October the case was continued from time to time from the 6th to the 18th day of the term, that the defendant (the appellant) might be enabled to produce his proof or show some reason for setting aside the sale. The record is barren of testimony on the subject, and we see no reason for disturbing the sale on any of the grounds alleged for the want of proof to sustain them.

That the property sold for a great deal less than the original cost is no doubt true, but it further appears that the appellant was of the opinion that it would not sell for exceeding $25,000, and it was at his invitation that the purchaser attended the sale; and when the property was offered it sold for $26,000, as much or more than the appellant himself expected to realize from it. The property was not directed to be sold in parcels, and being known with an established reputation as the Crab Orchard Springs, it would have been to the injury of the debtor and the creditor to have divided the property so as to place it in the hands of different proprietors. This, however, is a mere opinion as to the manner of sale, and facts might have been produced showing the necessity for a division of the land before the sale. The court below in its judgment finds the property indivisible, and the entire proceeding seems to have been in the nature of a consent judgment. We see no reason for interfering with the action of the court below.

Judgment *affirmed.*

*Isaac H. Trabue, Anderson & Herndon, for appellant.*

*Ed F. Trabue, for appellees.*